# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| **DENNIS KEITH DAWKINS,** | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO.** 3:22-2404-JFA |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | |
| Defendant. | |

## INTRODUCTION

This action is brought by Plaintiff, a railroad worker, against Defendant, his railroad employer, under the Federal Employers Liability Act. Plaintiff alleges an unnecessary danger, a dangerous bathroom door, on a locomotive engine. Plaintiff alleges this was a violation of the Locomotive Inspection Act. As a result, the railroad is alleged to be strictly liable to the Plaintiff without proof of negligence.

## COMPLAINT FOR DAMAGES

Plaintiff DENNIS KEITH DAWKINS (hereinafter "Plaintiff" or "Dawkins") files this Complaint for Damages against Defendant Norfolk Southern Railway Company (hereinafter "Defendant" or "NSRC"), as follows:

## PARTIES AND JURISDICTION

1.

NSRC is a foreign railroad corporation incorporated in a state other than South Carolina with its principal place of business in Atlanta, Georgia, is the cause of the incident which is the

subject of this action, and is liable to Plaintiff.

2.

NSRC may be served with Summons and Complaint as allowed by law, including by serving its registered agent, CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223.

3.

At all times relevant to this action, Defendant was a common carrier by railroad engaged in the business of operating a railroad in furtherance of interstate commerce or directly or closely and substantially affecting interstate commerce.

4.

At all times relevant to this action, Plaintiff was employed by the Defendant, and his duties were in furtherance of interstate commerce or, in any way directly or closely and substantially affected interstate commerce.

5.

This action is brought under and by virtue of the provisions of the Federal Employers Liability Act, 45 U.S.C. §51 including violations of the Federal Safety Regulations of the Federal Railway Administration which are equivalent to Safety Appliance Acts of the Congress of the United States by virtue of 45 U.S.C. §54a.

6.

NSRC is subject to the jurisdiction of this Court by virtue of the Federal Employers Liability Act. 45 U.S.C. §51 et. seq. Jurisdiction is also proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.

7.

Venue in this division of this Court is proper pursuant to under 28 U.S.C. § 1391 because the incident fanning the basis of this action occurred in Richland County, South Carolina which is within the Columbia Division of the United States District Court for the District of South Carolina.

## **OPERATIVE FACTS**

8.

On May 19, 2021, Plaintiff was performing his duties as a locomotive engineer for Defendant at the Andrews Yard in Columbia, South Carolina on what is believed to be locomotive number 6904.

9.

A bathroom door on a locomotive that does not properly function, and instead jams when operated, creates an unnecessary danger on a locomotive.

10.

When a railroad is aware that the door to the bathroom on a locomotive does not properly function, and instead jams when operated, but does not repair the door that is a failure to provide users of the locomotive with a safe place to work.

11.

On May 19, 2021, when Plaintiff was performing his duties as a locomotive engineer for Defendant in Columbia, South Carolina, he attempted to operate the door to the bathroom on the locomotive but the door to the bathroom jammed instead of operating properly.

12.

On May 19, 2021 Plaintiff was injured because the door to the bathroom on the locomotive on which he was working jammed instead of operating properly.

13.

Defendant was negligent for failing to provide Plaintiff with a reasonably safe place to work because the locomotive was not properly maintained and had a door to the bathroom that Defendant knew was not in good repair.

14.

Defendant violated the Locomotive Inspection Act, 49 U.S.C. 20701, and related federal regulations because the door to the bathroom on the locomotive was not properly maintained and its condition constituted an unnecessary danger.

15.

As a result of the fact that the door to the bathroom on Defendant's locomotive was not operable, and instead jammed, Plaintiff injured his shoulder requiring surgery and causing permanent impairment.

16.

Defendant is liable to Plaintiff for failing to provide Plaintiff a safe place to work in violation of the Federal Employer's Liability Act by failing to provide Plaintiff with safe and adequate tools for use in the conduct of the duties of his employment.

17.

The negligent and wrongful conduct of Defendant is a failure to exercise the standard of care imposed by statute and regulation, and is negligence *per se*, that is, negligence as a matter of law, as well as negligence as a matter of fact.

## **DAMAGES**

18.

As a direct result, in whole or in part, of the negligence of Defendant, and Defendant's

violation of the Locomotive Inspection Act and related federal regulations, Plaintiff was caused to suffer severe and permanent bodily injuries including serious and permanent physical and emotional injury and disability, substantial and continuing pain, suffering and discomfort, both past and future lost wages, and incurred medical expenses, both past and future.

19.

In the future, Plaintiff will suffer additional physical disability, pain, suffering, and discomfort, along with significant additional medical expenses and further lost wages, all of which are the result of Defendant's negligence and failure to provide Plaintiff with a safe place to work.

20.

Defendant is liable to Plaintiff for failing to provide Plaintiff a safe place to work in violation of the Federal Employer's Liability Act by failing to provide Plaintiff with safe and adequate tools for use in the conduct of the duties of his employment.

21.

As a direct result, in whole or in part, of Defendant's failure to provide a safe place to work and safe tools and workplaces, in particular the locomotive on which he was working, Plaintiff is entitled to an award of special damages for past and future medical expenses in an amount to be shown at trial, past and future lost wages and benefits in an amount to be shown at trial, and general damages all in an amount to be determined by a jury of Plaintiff's peers.

WHEREFORE, Plaintiff prays FOR A TRIAL BY JURY, that summons issue, that judgment be entered in favor of him and against Defendant, and that the following relief be granted:

(a)     That Plaintiff be awarded his special damages in the amount proved at trial and that he be awarded general damages, all in an amount to be determined by a jury of Plaintiff's peers;

(b) That the cost of this action be cast upon Defendant; and

(c) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                LAW OFFICE OF DARYL G. HAWKINS, LLC

                                                **By:   s/ Daryl G. Hawkins**
                                                      Daryl G. Hawkins

                                                1331 Elmwood Avenue, Suite 305
                                                Columbia, SC 29201-2150
                                                dgh@dghlaw.net
                                                (803) 733-3531 - Office
                                                (803) 744-1949 – Fax
                                                SC Bar # 002844/USDC #01781


                                                **WARSHAUER LAW GROUP, P.C.**
                                                Michael J. Warshauer *(Pro Hac Vice to be filed)*
                                                Georgia Bar No. 018720
                                                Trent Shuping *(Pro Hac Vice to be filed)*
                                                Georgia Bar No. 159083
                                                2740 Bert Adams Road
                                                Atlanta, GA 30339
                                                Phone: 404-892-4900
                                                Facsimile: 404-892-1020
                                                mjw@warlawgroup.com
                                                tss@warlawgroup.com

July 22, 2022                                                   *Attorneys for Plaintiff Dennis Keith Hawkins*